# Leechburg Borough *v.* Leechburg Water Works Company, Appellant.

*Water companies—Water rates—Boroughs—Water for fire protection.*

In a proceeding between a borough and a water company to determine what is a proper compensation for the latter for water furnished to the borough for purposes of fire protection, where it is assumed that the water company derives adequate compensation for its whole outfit on the basis it has established, the only question to determine is, does the charge which the company proposes to exact for furnishing the borough with water for fire purposes, measured by the number of hydrants employed, or by the rule by which the company has fixed its general schedule of rates, bear reasonable proportion to the rates established for other demands?

It is wholly impracticable to determine by mathematical calculation based on cost or value of a water plant, and the expense of operating the same, whether a single rate charged by the company for a specific service, such as a supply of water to a borough for fire protection, distinct from the other hundred or more charges for as many different services, is in itself compensatory to the company. To attempt it would be carrying what has come to be known as the segregating process in questions of this kind beyond all reasonable limit. It is to be assumed that in framing its general schedule of rates, the water company has been guided by some rule or principle which would enable it to be just to itself, and at the same time enable it with reasonable approximation to make its charges for its varying services conform to some standard which would secure to the consumers reasonable uniformity in cost.

A water company demanded from a borough an annual compensation of $3,000 for water furnished for fire protection. It appeared that the total income of the company was $6,693.22, and that this was derived from a population of 6,000. The court below reached the conclusion, by comparison with other rates charged by the company, and from

considering the number of hydrants employed, that an annual rate of $1,100 for as many hydrants not exceeding fifty as the borough chose to employ, with an additional charge of $25.00 for each extra hydrant, was fair and reasonable alike to the company and the borough. *Held,* that the decree of the court below should be sustained.

Argued Oct. 18, 1907. Appeal, No. 192, Oct. T., 1907, by defendant, from decree of C. P. Armstrong Co., Dec. T., 1906, No. 19, on bill in equity in case of Leechburg Borough v. Leechburg Water Works Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before PATTON, P. J. The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were various rulings on evidence, findings of fact, conclusions of law, and the decree in favor of the plaintiff.

*Walter J. Guthrie,* with him *George W. Herriott,* for appellant.—The court had no jurisdiction to make the decree in controversy : Brymer v. Butler Water Co., 172 Pa. 489 ; Du Bois Borough v. Du Bois Water Works Co., 176 Pa. 430 ; Com. v. Potter County Water Co., 212 Pa. 463.

The presumption is that the rate established by the corporation is reasonable, and the burden of proof is upon the complainant: Munn v. Illinois, 94 U. S. 113 ; Com. v. Russell, 172 Pa. 506.

Regulation is not confiscation : New Memphis Gas & Light Co. v. Memphis, 72 Fed. Repr. 952 ; San Diego Land, etc., Co. v. National City, 174 U. S. 739 (19 Sup. Ct. Repr. 804).

A reasonable vote was determined by the company : Smyth v. Ames, 169 U. S. 466 (18 Sup. Ct. Repr. 418) ; Stanislaus County v. San Joaquin, etc., Canal & Irrigation Co., 192 U. S. 201 (24 Sup. Ct. Repr. 241) ; Brymer v. Butler Water Co., 179 Pa. 231.

A borough or township is under no legal duty to provide a supply of water for the extinguishment of fires : Thompson v. Springfield Water Co., 215 Pa. 275 ; Grant v. City of Erie, 69 Pa. 420 ; Carr v. Northern Liberties, 35 Pa. 324.

*M. F. Leason*, with him *C. O. Morris* and *Rush Fullerton*, for appellee.—We contend that the case of Brymer v. Butler Water Company, 179 Pa. 231, does not make an absolute rule that the water company must have a sufficient return to pay a net profit to the investors after the expenses, and provide for sinking fund, etc., but taking the whole case, it is but a fair construction to say that they are only entitled to such returns if their plant will earn it.

Opinion by Mr. Justice Stewart, January 6, 1908 :

This is a controversy between the burgess and town council of the borough of Leechburg and the Leechburg Water Works Company. The latter has been for years furnishing the borough of Leechburg with water for purposes of fire protection, under contract, for the consideration of $500 per annum. This contract having expired in August, 1906, the company demanded for the future an annual compensation of $3,000, and threatened that unless this rate was accepted by the borough, the service to the borough for this particular purpose would be discontinued. The borough then offered to pay the company $22.00 for each of the thirty-four hydrants then in use and $25.00 for each additional hydrant. This offer having been declined by the company, the borough thereupon filed its bill for an injunction to restrain the company from discontinuing its supply of water, and asking the court to fix a reasonable rate for the service. The amount of testimony taken in the case may be judged from the fact that we have before us a record of 500 pages. It is only the smallest part of the evidence that is relevant, for the reason that the effort seems to have been to apply to the determination of the issue the rule indicated in Brymer v. Butler Water Company, 179 Pa. 231, which, while unquestioned as an authoritative rule, is inapplicable here. The court found that a proper and reasonable charge for supplying water through as many hydrants as the borough would see fit to construct, not exceeding fifty, would be $1,100 per annum, and enjoined the water company from discontinuing the service. From this decree the water company has appealed. By far the greater part of the testimony taken relates to the cost of construction and the value of the appellant's plant, the expense and charges incident to the oper-

ation of the same, and such other matters as were supposed to furnish a basis of calculation to determine whether the rate fixed by the court was remunerative to the company. Of the eighty-eight assignments of error there are but few, if any, which do not relate to rulings of the court in connection with offers of evidence in regard to such matters, or the findings of the court with respect thereto. It is not possible to consider each of these assignments, nor is it necessary. Notwithstanding a wrong method was applied, and most of the evidence is in consequence irrelevant, there is yet sufficient in the case to enable us to reach a conclusion as to the correctness of the court's decree. It is wholly impracticable to determine by mathematical calculation, based on cost or value of a water plant, and the expense of operating the same, whether a single rate charged by the company for a specific service, such as a supply of water to a borough for fire protection, distinct from the other hundred or more other charges for as many different services, is in itself compensatory to the company. To attempt it would be carrying what has come to be known as the segregating process in questions of this kind beyond all reasonable limit. It is to be assumed that in framing its general schedule of rates, the water company has been guided by some rule or principle which would enable it to be just to itself, and at the same time enable it with reasonable approximation to make its charges for its varying services conform to some standard which would secure to the consumers reasonable uniformity in cost. In the nature of things it would be impossible to determine on the basis of the company's investment, whether any specific charge for any single service, distinguishable from all others, such as the rate charged for bath tubs, or that for steam engines, or that for soda fountains, standing out of relation to the other hundred different rates charged, is in itself compensatory to the company. The company having fixed a rate for each kind of service, whether any particular rate is compensatory can only be determined by comparison with the other rates charged, having regard to the amount of water furnished, or the facilities employed in connection with each. Assuming that the water company derives adequate compensation on the basis it has established, the only question to be determined in such case is, does the charge which

the company proposes to exact for furnishing the borough with water for fire purposes, measured by the number of hydrants employed, or by the rule by which the company has fixed its general schedule of rates, bear reasonable proportion to the rates established for other demands.   There was ample in the case to warrant the conclusion reached by the court below, according to the standard we have indicated, that an annual rate of $1,100 for as many hydrants not exceeding fifty as the borough chose to employ, with an additional charge of $25.00 for each extra hydrant, was fair and reasonable alike to the company and the borough.   It appears that the entire annual revenue of the company from all sources is $6,693.22.   This is derived from a population of 6,000.   Manifestly a charge of $3,000, a sum little less than one half of the company's income, for a supply of water for the one purpose of fire protection, would be out of all proportion to the other rates established by the company.   Such service may not be measured by the amount of water consumed, but even measured by the facilities employed, that is to say, the number of hydrants devoted to the purpose, considering the probable infrequency of their use, and the possibility that they would not be called into use at all, the rate demanded by the company must still be regarded as unreasonable.

The assignments of error are overruled, the appeal is dismissed at cost of appellant, and the decree is affirmed.